IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN P. TILLEY,<br>1 Sarracenia<br>Rancho Santa Margarita, CA 92688<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br>Defendant. | Civil Action No. 24-00424 |

## COMPLAINT

Plaintiff Kevin P. Tilley ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("DOJ") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, as this action arises under 5 U.S.C. § 552(a)(4)(B).

2. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

### PLAINTIFF

3. Plaintiff Kevin P. Tilley ("Plaintiff") is a citizen of the United States. Plaintiff resides in Rancho Santa Margarita, CA.

1

**DEFENDANT**

4.     Defendant U.S. Department of Justice ("DOJ") is a federal agency headquartered in Washington, DC. DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f)(1), located at 950 Pennsylvania Avenue NW, Washington, DC, 20530. The DOJ Office of the Inspector General ("OIG") is a component of DOJ. Thus, upon information and belief, DOJ, through its components, has possession, custody, and control of the records, within the meaning of 5 U.S.C. § 552(f)(2), to which the Plaintiff seeks access.

**FACTS**

A. BACKGROUND

5.     During July 2018, the Plaintiff entered on duty as an FBI special agent. He is not a preference-eligible veteran.

6.     The Plaintiff was deemed eligible to access Top Secret classified national security information, i.e. granted a "clearance," when he entered on duty with the FBI.

7.     After completing new agent's training at Quantico, Virginia, the Plaintiff was assigned to the FBI's field office in Seattle, Washington ("Seattle Division") where he was assigned to investigate crimes against children and human trafficking.

8.     Although the Plaintiff had a security clearance, he was assigned to investigate purely criminal matters wholly unrelated to national security. In that assignment, he did not have a need-to-know classified material in order to perform the lawful duties to which he was assigned.

9.     On or about March 14, 2021, the Plaintiff was notified by Seattle Division management that a complaint had been filed against him. The Plaintiff was placed on administrative leave. While on administrative leave, the Plaintiff still received his salary and benefits. The Plaintiff was told that his case was being referred to the OIG for review but was unsure if it would stay with the OIG or return to the FBI's Inspection Division.

10. Approximately two weeks later, the Plaintiff was notified that he would be taken off administrative leave and was allowed to return to full duty. The Plaintiff returned to his office and engaged in his normal duties.

11. During June 2021, the Plaintiff was interviewed by the OIG and a detective from the Seattle Police Department. During this interview, the Plaintiff was given a vague description of the nature of the complaint against him for the first time. When asked for further clarification or information regarding the allegation, the OIG agent would not provide the information to the Plaintiff or the Plaintiff's legal counsel representing him in the investigation ("legal counsel").

12. Based upon documents later received by the Plaintiff, the complaint against him did not involve the use of his authority as an FBI special agent, did not occur while he was on duty, nor did it occur in a federal facility or on federal land.

13. The Plaintiff was not in a supervisory position over any other FBI employee.

14. During July 2021, through his legal counsel, the Plaintiff provided text messages to the OIG to assist in its investigation.

15. During September 2021, the Plaintiff's legal counsel was notified by the OIG that the Seattle Police Department investigation was closed with no further action.

16. During October 2021, the Plaintiff was notified that the King County, Washington Prosecuting Attorney's Office had declined to charge the Plaintiff with any crime. The declination decision was dated October 8, 2021.

17. After learning of the declination, the Plaintiff notified his supervisor and the special agent in charge of the Seattle Division.

18. On November 4, 2021, the Plaintiff was placed on administrative leave again.

19. On November 19, 2021, the Plaintiff was notified that his security clearance to access classified national security material was suspended. He was ordered to return to the Seattle Division

and return his FBI property.

20. On November 22, 2021, the Plaintiff received a letter dated November 17, 2021, from Jennifer Leigh Moore, then Acting Executive Assistant Director, FBI Human Resources Branch, notifying the Plaintiff that the basis for the suspension of his clearance was the same complaint which the King County Prosecuting Attorney's Office had recently declined to prosecute.

21. Moore also wrote, "The suspension of your clearance will continue until the FBI investigation of the underlying matter is completed. At that time, your clearance status will be re-evaluated, and you will be advised accordingly."

22. The Plaintiff had been working the previous eight months at the Seattle Division and at the Los Angeles Field Office Ventura Resident Agency on a temporary assignment without issue. The Plaintiff was commended by management at both offices for how he was handling the situation and the work he was producing.

23. On November 22, 2021, the Plaintiff also received a letter dated November 18, 2021, from Katherine Brideau, the Unit Chief for the FBI's Performance Appraisal Unit, Human Resources Division, notifying the Plaintiff that he was suspended indefinitely from duty and pay based on the decision to suspend his security clearance and access to classified information.

24. On November 24, 2021, the Plaintiff again verified with the King County Prosecuting Attorney's Office that it had declined to charge him with any crime.

25. The Plaintiff received his last paycheck from the FBI during February 2022.

26. Shortly after the suspension of the Plaintiff's security clearance and consequent indefinite suspension from duty without pay in 2021, during January 2022, the Plaintiff received a redacted and unredacted version of the King County Prosecuting Attorney's Office declination letter.

27. The Plaintiff's legal counsel emailed the declination letter to the OIG investigating agent.

28.     During January 2022, the Plaintiff also received the King County Prosecuting Attorney's Office unredacted file and Seattle Police Department redacted file, which included OIG interview transcripts and descriptions of email communications between the Seattle Police Department detective and OIG agent.

29.     On May 11, 2022, the Plaintiff was interviewed by FBI Security Division regarding the complaint against him.

30.     On June 22, 2023, the Plaintiff voluntarily subjected himself to a polygraph examination by the FBI Security Division, during which he denied any allegation of misconduct against him. FBI Security Division notified the Plaintiff's attorney that he passed the examination.

31.     In August 2023, the Plaintiff was notified via a Freedom of Information Request to the Seattle Police Department that the Seattle City Attorney's Office had declined to charge the Plaintiff with any crime. The declination decision was dated June 8, 2022.

32.     In August 2023, FBI Security Division notified the Plaintiff that it has completed its recommendation paperwork and sent it for approval by FBI executive management.

33.     The FBI's security clearance investigations and decisions are separate from the OIG's actions.

34.     The OIG does not conduct security clearance investigations for the FBI.

35.     The OIG does not make security clearance decisions for the FBI.

**B.  PLAINTIFF'S FOIA REQUEST**

36.     On April 4, 2023, the Plaintiff submitted a FOIA request to the OIG for the following records:

> This is a request under the Freedom of Information Act. I request a copy of all documents associated with OIG Case 2021-005372 and any documents referencing Kevin Tilley: -The initial allegation -Interviews -Emails between DOJ OIG Agent and outside entities (Seattle Police Department, the Federal Bureau of Investigation, subject, witnesses, victim, OIG Management, etc.) -Any "evidence" obtained by OIG.

-Any other files in the case file In order to help to determine my status to assess fees, you should know that I am an individual seeking information for personal use and not for a commercial use.

37. On April 28, 2023, the OIG acknowledged receipt of the Plaintiff's request.

38. On May 22, 2023, the OIG denied the Plaintiff's request as follows:

> This is in response to your Freedom of Information Act request to the Office of the Inspector General (OIG). Specifically, you are seeking records pertaining to yourself and "OIG Case 2021-005372." Please be advised that the records you requested were compiled for law enforcement purposes and their release could reasonably be expected to interfere with enforcement proceedings. Accordingly, these records are exempt from disclosure pursuant to the Freedom of Information Act, 5 U.S.C. §552(b)(7)(A).

39. On August 11, 2023, the Plaintiff filed an administrative appeal of the OIG's decision with DOJ.

40. On October 19, 2023, DOJ affirmed the OIG's denial of the Plaintiff's request as follows:

> OIG properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A), and it is reasonably foreseeable that disclosure of this information would harm the interests protected by this provision. This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

41. On October 20, 2023, the Plaintiff contacted the National Archives Office of Government Information Services ("OGIS") for assistance with his FOIA request.

42. On November 21, 2023, OGIS responded to the Plaintiff's request and notified him that it could provide no further assistance at that time.

## COUNT ONE

### Violation of FOIA, 5 U.S.C. § 552

43. The foregoing allegations are re-alleged and incorporated herein by reference.

44. Considering:

      a) the Plaintiff's alleged wrongdoing did not occur while he was on duty, did not occur at a federal facility, and did not involve a subordinate;

      b) the OIG has no authority to investigate violations of state law;

      c) the only possible legal proceedings against the Plaintiff were foreclosed on October 8, 2021, when the King County Prosecuting Attorney's Office declined to prosecute him, and on June 8, 2022, when the Seattle City Attorney's Office declined to prosecute him;

      d) the requested records were not compiled for law enforcement purposes, nor could their release reasonably be expected to interfere with enforcement proceedings;

DOJ is improperly withholding information in records responsive to the Plaintiff's FOIA request under 5 U.S.C. § 552(b)(7)(A).

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests relief as follows:

45. A declaration that the records sought by the Plaintiff, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

46. An injunction requiring DOJ to produce, by a date certain, all records responsive to Plaintiff's FOIA request.

47. Costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).

48. Such other relief as this Court deems just and equitable.

                              Respectfully Submitted,

February 13, 2024                */s/ Michael S. Zummer*
                                      Michael S. Zummer (La. Bar No. 31375)
                                      2337 Magazine St. Unit D
                                      New Orleans, LA 70130
                                      Telephone: (504) 717-5913
                                      E-mail: afbilitigation@gmail.com
                                      *Counsel for Plaintiff*