UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEVIN P. TILLEY,

*Plaintiff,*

v.

Civil Action No. 24-0424 (ACR)

U.S. DEPARTMENT OF JUSTICE,

*Defendant.*

## ANSWER

Defendant, the U.S. Department of Justice ("DOJ"), hereby answers Plaintiff's Complaint, ECF No. 1. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

## JURISDICTION AND VENUE[1]

1. The allegations in Paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of the Freedom of Information Act ("FOIA") and pursuant to 28 U.S.C. § 1331.

2. The allegations in Paragraph 2 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this District pursuant to 28 U.S.C. § 1391 and 5 U.S.C. § 552(a)(4)(B).

---

[1]     For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**PLAINTIFF**

3.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 3.

**DEFENDANT**

4.      Defendant admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).  Defendant further admits that, based on the language of the request, it may maintain possession, custody, and control over some records which may be relevant to Plaintiff's request, to the extent that such records may exist.

**FACTS**

**A.  BACKGROUND**

5.      The allegations in Paragraph 5 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

6.      The allegations in Paragraph 6 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

7.     The allegations in Paragraph 7 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

8.     The allegations in Paragraph 8 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

9.     The allegations in Paragraph 9 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

10.     The allegations in Paragraph 10 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

11.     The allegations in Paragraph 11 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

12.     The allegations in Paragraph 12 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

13.     The allegations in Paragraph 13 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

14.     The allegations in Paragraph 14 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

15.    The allegations in Paragraph 15 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

16.    The allegations in Paragraph 16 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

17.    The allegations in Paragraph 17 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

18.    The allegations in Paragraph 18 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters

pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

19.     The allegations in Paragraph 19 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

20.     The allegations in Paragraph 20 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

21.     The allegations in Paragraph 21 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

22.     The allegations in Paragraph 22 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

23.     The allegations in Paragraph 23 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

24.     The allegations in Paragraph 24 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

25.     The allegations in Paragraph 25 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records

sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

26.    The allegations in Paragraph 26 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

27.    The allegations in Paragraph 27 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

28.    The allegations in Paragraph 28 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

29.    The allegations in Paragraph 29 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

30.    The allegations in Paragraph 30 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

31.    The allegations in Paragraph 31 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

32.    The allegations in Paragraph 32 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

33.    The allegations in Paragraph 33 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters

pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

34.     The allegations in Paragraph 34 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

35.     The allegations in Paragraph 35 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

## B.  PLAINTIFF'S FOIA REQUEST

36.     Defendant admits that the Department of Justice Office of the Inspector General ("OIG") received the referenced FOIA request on April 4, 2023, which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the April 4, 2023, FOIA request and denies any allegations to the extent they are inconsistent with the request.

37.     Defendant admits that OIG sent Plaintiff a letter on April 28, 2023, which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the

April 28, 2023, and denies any allegations to the extent they are inconsistent with the letter.

38.    Defendant admits that OIG sent Plaintiff a letter on May 22, 2023, which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the May 22, 2023, and denies any allegations to the extent they are inconsistent with the letter.

39.    Defendant admits the allegations in Paragraph 39.

40.    Defendant admits that it sent Plaintiff a letter on October 19, 2023, which speaks for itself and is the best evidence of its contents.  Defendant respectfully refers the Court to the October 19, 2023, letter and denies the allegations to the extent they are inconsistent with the letter.

41.    Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 41.

42.    Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 42.

## COUNT ONE

### Violation of FOIA, 5 U.S.C. § 552

43.    Defendant incorporates its responses to paragraphs 1–42 as if set forth fully herein.

44.    The allegations in Paragraph 44 consist of legal conclusions to which no response is required.

## RELIEF

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied.  In further response to the Complaint, Defendant raises the following defenses.  The Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## **FIRST DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Khan v. Dep't of Homeland Sec.,* Civ. A. No. 22-2480 (TJK), 2023 WL 6215359, at *10 (D.D.C. Sept. 25, 2023) (striking irrelevant allegations and concluding that "lengthy, irrelevant allegations prejudice Defendants by burdening them with having to respond to them"); *Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## **SECOND DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that

exceed the relief authorized by FOIA.

### THIRD DEFENSE

Defendant conducted an adequate search for records responsive to the FOIA request.

### FOURTH DEFENSE

Plaintiff is not entitled to production of records protected from disclosure by one or more applicable FOIA exemptions, release of which records foreseeably would harm an interest the exemption protects, or which records are protected from disclosure by one or more applicable FOIA exclusions.

### FIFTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### SIXTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

Dated: April 24, 2024
      Washington D.C.                Respectfully submitted,

                                        MATTHEW M. GRAVES,
                                        D.C. Bar # 481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division

                                        By: _/s/ Dedra S. Curteman_
                                        DEDRA S. CURTEMAN, D.C. Bar # 90021492
                                        Assistant United States Attorney
                                        601 D St., N.W.
                                        Washington, D.C. 20530
                                        Telephone: (202) 252-2550
                                        dedra.curteman@usdoj.gov

                                        *Counsel for the United States of America*